*Exhibit G*

**INDEX OF DOCUMENTS FILED**
**WITH REMOVAL ACTION**

**DORA DELGADO, LUCIA GONZALEZ, INDIVIDUALLY AND AS NEXT FRIEND OF**
**O.D. AND A.D., MINORS V. MICHAEL ANTHONY BOYD STATE FARM**
**MUTUAL AUTOMOBILE INSURANCE COMPANY**

(a)    Plaintiff's Original Petition;

(b)    Defendant Michael Anthony Boyd's Original Answer;

(c)    Motion to Appoint Guardian Ad Litem;

(d)    Executed Order to Appoint Guardian Ad Litem;

(c)    Plaintiff's First Amended Petition;

(d)    Executed Citation on State Farm;

(d)    Defendant State Farm's Answer;

(f)    Defendant State Farm's Jury Demand; and

(e)    Docket Sheet.

*Exhibit G*

3/27/2019 2:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32284995
By: Carolina Salgado
Filed: 3/26/2019 4:49 PM

# 2019-22116 / Court: 270

CAUSE NO. _____

| | | |
|---|---|---|
| **DORA DELGADO,** | § | **IN THE DISTRICT COURT OF** |
| **LUCILA GONZALES,** *Individually and* | § | |
| *a/n/f of O. D. and A. D., minors* | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| | § | |
| **MICHAEL ANTHONY BOYD** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, & NOTICE THAT DOCUMENTS WILL BE USED

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW DORA DELGADO, LUCILA GONZALES, Individually and a/n/f of Ociel Delgado and Arelly Delgado (minor children), Plaintiff in the above-styled and numbered cause, and brings this her Original Petition and for such would show the court as follows:

### I.
### DISCOVERY

1. Plaintiff would advise this Court that this matter should be conducted under Level 2 of the Discovery Control Plan as stated in Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

2. Plaintiff DORA DELGADO is a resident of Shepherd, San Jacinto County, Texas. The last 3 digits of Plaintiff's driver's license is 643. Plaintiff LUCILA GONZALES, Individually and a/n/f of Ociel Delgado and Arelly Delgado (minor children) also reside in Shepherd, San Jacinto County, Texas.

3. Defendant MICHAEL ANTHONY BOYD is an individual and a resident of Houston, Harris County, Texas, and may be served at his place of residence at 2609 Lorraine St., Houston, Texas 77026, or wherever he may be found. Citation is requested at this time.

*Exhibit G*

### III.
### JURISDICTION AND VENUE

4.      This Court has jurisdiction of this matter because it is a suit for damages arising out of an auto accident that occurred in Texas.

5.      Venue is proper in this county under Texas Civil Practice and Remedies Code Section 15.002(a)(1) as this is the county where all or a substantial part of the events leading to the Plaintiff's claims arose.

### IV.
### FACTS

6.      On or about November 4, 2017, Plaintiffs, DORA DELGADO, LUCILA DELGADO, Ociel Delgado and Arelly Delgado (both minor children) were travelling south on HWY 59 approaching FM 1314 when they were hit from behind by the vehicle driven by Defendant, MICHAEL ANTHONY BOYD. Further, Defendant BOYD, was arrested for suspicion of DWI at the scene and has since pled guilty to this offense. Because of the Defendants' negligence, Plaintiffs suffered physical injuries and property damage.

### V.
### CAUSES OF ACTION

7.      Negligence. Defendant owed Plaintiffs several duties involving reasonable care including, but not limited to: duty to exercise care while driving a motor vehicle and other general duties, including but not limited to the duty to not allow an unlicensed driver to operate a vehicle. Defendant breached these duties in ways including, but not limited to:

    a)      In failing to keep a proper lookout;

    b)      In driving the vehicle at an excessive rate of speed;

    c)      In failing to timely make application of his/her brakes;

    d)      In failing to maintain control of his/her vehicle;

*Exhibit G*

e)      In failing to timely swerve or otherwise maneuver his/her vehicle so as to avoid the collision made the basis of this suit;

f)      In driving his/her vehicle in willful or wanton disregard for the safety of persons or property;

g)      In failing to operate the vehicle in a reasonable and prudent manner;

h)      In failing to operate the vehicle in obedience to traffic laws and regulations;

i)      In violation of the TEX. TRANSP. CODE ANN. §545.001 *et seq.*;

j)      In violation of the TEX. ALCOHOLIC BEVERAGE CODE ANN. §2.01 *et seq.*;

k)      In violation of the TEX. TRANSP. CODE ANN. §521.458;

l)      In failing to control speed; and

m)     DRIVING WHILE INTOXICATED.

8.      Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this incident, and the injuries sustained by the Plaintiff.  These breaches proximately caused Plaintiff's damages including, but not limited to: medical expenses, pain and suffering, inconvenience, and other personal and pecuniary harms, for which Plaintiff sues.

9.      Furthermore, Plaintiffs contend that his injuries and damages were proximately caused by the Defendant's violation of a statutorily imposed duty existing pursuant to §49.04 of the Texas Penal Code. In support thereof, Plaintiff would respectfully show the Court: A) That Defendant committed unexcused breaches of the duties imposed upon her by §49.04 of the Texas Penal Code; B) That Plaintiff is a member of the class of persons these statutes were designed to protect; and, C) Defendant's violation of these statutes proximately caused Plaintiff's damages, which are hereinafter described with more particularity.

10.     The above referenced sections of the Texas Transportation and Penal Codes were enacted by the Texas Legislature to protect the safety, health, and welfare of the public. Plaintiffs are a member of the public, and as a result, is to be protected by said statutes.

11.     Each of such acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence as a matter of law which proximately caused the accident and injuries and damages which Plaintiffs suffered.

12.     <u>Exemplary Damages</u>. Plaintiffs allege that she is entitled to recover exemplary damages against Defendant pursuant to Art. XVI, §26 of the Texas Constitution and §41.003 et. seq. of the Texas Civil Practice and Remedies Code. Based upon current information and belief, Plaintiff contends that, at the time of the acts and/or omissions of Defendant forming the underlying basis for these causes of action, the acts and/or omissions of Defendant were committed with malice and/or gross negligence, as hereinafter described. In support of malice and/or gross negligence as above alleged, Plaintiff will show unto the Court that the acts and/or omissions of the Defendant were such that, when viewed objectively from the Defendant's standpoint at the time of occurrence, involved an extreme degree of risk with conscious indifference to others, considering the probability and magnitude of the potential harm to others, and: A) With which Defendant proceeded despite her actual, subjective awareness of the risk; or B) With which Defendant proceeded when, under the surrounding circumstances, a reasonable person would have been aware of the risk.

13.     These actions of Defendant include, but are not limited to, driving while intoxicated and/or impaired.  Defendant's gross negligence, acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to

*Exhibit G*

Plaintiff and others.  Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiffs from Defendant.

14.     The Plaintiffs did not cause or contribute to the collision in question, but rather the negligence and negligence per se of the Defendant proximately caused the occurrence in question.

15.     By reason of the above and foregoing, the Plaintiffs have been damaged in a sum within the jurisdictional limits of this Court. The Plaintiffs also pray for their costs of Court and pre and post judgment interest as allowed by law.

## VII.
## DAMAGES

16.     The total amount claimed against Defendant(s) will not exceed $500,000.00 inclusive of attorneys' fees.  As a result of the occurrence in question, Plaintiffs sustained physical damages including but not limited to serious personal injuries, mental anguish, physical pain and suffering, impairment, disability in the past, loss of enjoyment of life and capacity to enjoy life and necessary and reasonable medical expenses.   It is believed that the Plaintiffs will also suffer legally recoverable damages in the future. The Plaintiffs will respectfully request the Court and Jury to determine the amount of loss the Plaintiffs have incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.  There are certain elements of damages provided by law that the Plaintiffs are entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiffs for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

*Exhibit G*

A.   The physical pain that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future;

B.   The mental anguish that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future;

C.   The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

D.   The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiffs from the date of the occurrence in question up to the time of trial and in the future;

E.   The physical impairment which the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future; and

F.   Exemplary damages

17.   The Plaintiffs have sustained various elements of damage, including those specified above, but not limited to those specified above, and the Plaintiffs herein reserves the right to plead more specifically and to show more specifically at trial all of those elements of damage.

**VIII.**
**REQUEST FOR DISCLOSURE**

18.   Pursuant to Rule 194, Defendant is requested to disclose, within 50 days of receipt of this request, the information or material described in Rule 194.2 (a) through (l).

**IX.**
**NOTICE THAT DOCUMENTS WILL BE USED**

19.   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the Plaintiffs hereby gives notice that all documents produced by the Defendant will be used at any pretrial proceeding or at the trial of this case.

*Exhibit G*

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be duly cited

to appear and answer herein; and that upon a final trial of this cause, Plaintiff recover:

a. Judgment against Defendant for Plaintiff's damages as set forth above, in an amount within the jurisdictional limits of this Court;

b. Interest on the judgment at the legal rate from the date of judgment;

c. Prejudgment interest on Plaintiff's damages as allowed by law;

d. Costs of court; and

e. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**ESSMYER & DANIEL, P.C.**

_/s/ Frank B. Daniel_

**Frank B. Daniel**
State Bar No. 24048418
5111 Center Street
Houston, Texas 77007
Telephone 713-869-1155
Fax 713-352-3024
fdaniel@essmyerdaniel.com

**ATTORNEYS FOR PLAINTIFF**

*Exhibit G*

5/15/2019 12:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33590988
By: Anna Evetts
Filed: 5/15/2019 12:55 PM

## CAUSE NO. 2019-22116

| | | |
|---|---|---|
| **DORA DELGADO,** | § | **IN THE 270TH JUDICIAL DISTRICT** |
| **LUCILA GONZALES, Individually and** | § | |
| **as Next Friend of O.D. and A.D., Minors,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **COURT OF** |
| **VS.** | § | |
| | § | |
| **MICHAEL ANTHONY BOYD,** | § | |
| | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER TO
### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Michael Anthony Boyd, hereinafter called Defendant, and files this his Original Answer to Plaintiffs' Original Petition on file herein, and for such Answer would respectfully show unto the Court as follows:

### GENERAL DENIAL
### I.

Subject to such stipulations or admissions that may hereafter be made, Defendant enters this General Denial, pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying each and every, all and singular, the material allegations in Plaintiffs' Petition, and request the Plaintiffs be required to prove their charges and allegations against Defendant by a preponderance of the evidence as is required by the laws of this state.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit and that Defendant be discharged herein with costs and for such other and further relief to which he may show himself justly entitled.

---

*Exhibit G*

Respectfully submitted,

**WHITE🔷 SHAVER**
11200 Westheimer Road, Suite 200
Houston, Texas 77042
713-953-0860 Telephone
713-953-0917 Facsimile

By: _____
    **CLAY M. WHITE**
    State Bar No. 21292220
    cwhite@whiteshaverlaw.com

**ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing was furnished to opposing counsel of record in accordance with the Texas Rules of Civil Procedure on this the  15th  day of ___May___, 2019.

_____
CLAY M. WHITE

---

**DEFENDANT'S ORIGINAL ANSWER**                                                                 **Page 2**
54864/BOYD, MICHAEL/Pleadings/Answer.wpd

*Exhibit G*

6/3/2019 4:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34065904
By: Anna Evetts
Filed: 6/3/2019 4:51 PM

## CAUSE  NO. 201922116

| | | |
|---|---|---|
| **DORA DELGADO, as Next Friend for O.D. and A.D. Minors,** | § § § § | **IN THE 270TH JUDICIAL** |
| **VS.** | § § | **DISTRICT COURT OF** |
| **MICHAEL ANTHONY BOYD** | § | **HARRIS COUNTY, TEXAS** |

### DEFENDANT'S MOTION TO APPOINT GUARDIAN AD LITEM

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **MICHAEL ANTHONY BOYD**, Defendant in the above-referenced cause of action, and files this Motion to Appoint Guardian Ad Litem and would show unto the court the following:

### I.

This matter has fully and completely settled between the parties.

### II.

Defendant would show unto the court that **O.D. and A.D.** are minors lacking capacity to act on their own behalf.

### III.

Further, Defendant requests that this court appoint an Attorney Ad Litem to represent the interests of **O.D. and A.D.**, a minor.

WHEREFORE, PREMISES CONSIDERED, Defendant would request that this Court appoint an Guardian Ad Litem to represent the interests of **O.D. and A.D.,**  minors lacking the capacity to act on their own behalf.

*Exhibit G*

Respectfully submitted,

**WHITE SHAVER**
205 W. Locust
Tyler, Texas 75702
Telephone: 903/533-9447
Telefax: 903/595-3766

By: _____
**CLAY M. WHITE**
State Bar No. 21292220
**NATHAN L. THAUWALD**
State Bar No. 24072385
nthauwald@whiteshaverlaw.com

ATTORNEYS FOR DEFENDANT

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and forgoing was furnished to

Plaintiff in accordance with the Texas Rules of Civil Procedure on this the __3rd__ day of June, 2019.

_____
CLAY M. WHITE

Case 4:19-cv-03378 Document 17-7 Filed on 09/06/19 in TXSD Page 13 of 36

*Exhibit G*

6/3/2019 4:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34065904
By: Anna Evetts
Filed: 6/3/2019 4:51 PM
Pgs-1

SDD
APGAX

**CAUSE NO. 201922116**

| | | |
|---|---|---|
| **DORA DELGADO, as Next** | § | **IN THE 270TH JUDICIAL** |
| **Friend for O.D. and A.D. Minors,** | § | |
| | § | |
| | § | |
| **VS.** | § | **DISTRICT COURT OF** |
| | § | |
| **MICHAEL ANTHONY BOYD** | § | **HARRIS COUNTY, TEXAS** |

## ORDER APPOINTING GUARDIAN AD LITEM

On the _____ day of _____, 2019, at a regular term of this Court, came

on for hearing the above-entitled and numbered cause wherein **DORA DELGADO**, as Next Friend

for **O.D. and A.D.**, both minors, is Plaintiff, and **MICHAEL ANTHONY BOYD** is Defendant, and

it is appearing to the Court that there is a conflict of interest between such next friend and such minor

plaintiff, it is, therefore,

TBN 24078981

ORDERED, ADJUDGED and DECREED by the court that Chance A. McMillan _____, a duly

licensed and practicing attorney of Harris County, Texas, be, and he/she is hereby, appointed

Guardian Ad Litem to represent the interest of minors, **O.D. and A.D.**, herein.

SIGNED, ORDERED and ENTERED on this the _____ day of _____, 2019.

Signed:
6/4/2019
JUDGE PRESIDING

*Exhibit G*

8/2/2019 11:26 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35647115
By: Hilda Yarn
Filed: 8/2/2019 11:26 AM

## CAUSE NO. 2019-22116

| | | |
|---|---|---|
| **DORA DELGADO,** | § | **IN THE 270TH DISTRICT** |
| **LUCILA GONZALES,** *Individually and* | § | |
| *a/n/f of O.D. and A.D.* | § | |
| | § | **COURT OF** |
| **VS.** | § | |
| | § | |
| | § | |
| **MICHAEL ANTHONY BOYD** | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S 1ST AMENDED ORIGINAL PETITION, REQUEST FOR DISCLOSURE, & NOTICE THAT DOCUMENTS WILL BE USED

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW DORA DELGADO, LUCILA GONZALES, Individually and a/n/f of O.D. and A.D. (minor children), Plaintiff in the above-styled and numbered cause, and brings this their 1st Amended Original Petition and for such would show the court as follows:

### I.
### DISCOVERY

1.     Plaintiff would advise this Court that this matter should be conducted under Level 2 of the Discovery Control Plan as stated in Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

2.     Plaintiff DORA DELGADO is a resident of Shepherd, San Jacinto County, Texas. The last 3 digits of Plaintiff's driver's license is 643.  Plaintiff LUCILA GONZALES, Individually and a/n/f of O.D. and A.D. (minor children) also reside in Shepherd, San Jacinto County, Texas.

3.     The Estate of Defendant MICHAEL ANTHONY BOYD, has entered an appearance in this case through counsel of record.

4.     Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "State Farm") is an insurance company authorized to do

*Plaintiffs' 1st Amended Original Petition*                                          *Page 1 of 10*

*Exhibit G*

and doing business in the State of Texas.  Defendant may be served with citation herein by serving its registered agent for service of process, Corporation Service Company, 211 E 7th St., STE 620, Austin, Texas 78701-3218. Service of process via certified mail, return receipt requested, is requested by any person certified under order of the Supreme Court of Texas pursuant to Rule 103 of the Texas Rules of Civil Procedure.

## III.
## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter because it is a suit for damages arising out of an auto accident that occurred in Texas.

6.      Venue is proper in this county under Texas Civil Practice and Remedies Code Section 15.002(a)(1) as this is the county where all or a substantial part of the events leading to the Plaintiff's claims arose.

## IV.
## FACTS

7.      On or about November 4, 2017, Plaintiffs, DORA DELGADO, LUCILA DELGADO, O.D. and A.D. (both minor children) were travelling south on HWY 59 approaching FM 1314 when they were hit from behind by the vehicle driven by Defendant, MICHAEL ANTHONY BOYD.  Further, Defendant BOYD, was arrested for suspicion of DWI at the scene and has since pled guilty to this offense.  Because of the Defendants' negligence, Plaintiffs suffered physical injuries and property damage.   The Court has appointed attorney Chance McMillan as Ad Litem for the minor children as the 3rd party case against the Estate of Michael Anthony Boyd is settled.  The parties are planning to move forward with an ad litem settlement hearing as to the Estate of Michael Boyd in the near future.

8.      Due to the extensive nature of her injuries, Plaintiff, Dora Delgado made an underinsured motorist claim under her own State Farm policy.  Plaintiff was protected against

*Exhibit G*

loss caused by bodily injury, and resulting from the ownership, maintenance, or use of an underinsured motor vehicle by a policy of insurance issued by **Defendant State Farm**. Plaintiff's underinsured limits of bodily injury were $50,000.00.

9.      On January 31, 2019, Plaintiff provided Defendant State Farm with medical documentation as well as evidence of Plaintiff's vehicle loss.  Plaintiff made a demand under this insurance policy which was in effect at the time of this incident.  After medical records and bills which have been paid or incurred totaling over $65,000.00 were submitted to Defendant, Defendant offered Plaintiff $4,000.00 on the underinsured motorist bodily injury claim on June 18, 2019.  To date, Defendant has failed to pay any UIM benefits afforded under the policy that they do not dispute and further refuses to pay for benefits directly caused and related to the crash made the basis of this suit.  Defendant does not dispute that the at-fault driver in the underlying car wreck case was an underinsured motorist as defined in Plaintiff' applicable auto insurance policy issued by Defendant.   Therefore, Defendant owes Plaintiff coverage under the UIM motorist coverage benefits.

### V.
### CAUSES OF ACTION

10.      <u>Negligence of Underinsured Driver.</u>  Defendant owed Plaintiffs several duties involving reasonable care including, but not limited to: duty to exercise care while driving a motor vehicle and other general duties, including but not limited to the duty to not allow an unlicensed driver to operate a vehicle.  Defendant breached these duties in ways including, but not limited to:

      a)      In failing to keep a proper lookout;

      b)      In driving the vehicle at an excessive rate of speed;

      c)      In failing to timely make application of his/her brakes;

      d)      In failing to maintain control of his/her vehicle;

e) In failing to timely swerve or otherwise maneuver his/her vehicle so as to avoid the collision made the basis of this suit;

f) In driving his/her vehicle in willful or wanton disregard for the safety of persons or property;

g) In failing to operate the vehicle in a reasonable and prudent manner;

h) In failing to operate the vehicle in obedience to traffic laws and regulations;

i) In violation of the TEX. TRANSP. CODE ANN. §545.001 *et seq.*;

j) In violation of the TEX. ALCOHOLIC BEVERAGE CODE ANN. §2.01 *et seq.*;

k) In violation of the TEX. TRANSP. CODE ANN. §521.458;

l) In failing to control speed; and

m) DRIVING WHILE INTOXICATED.

11. Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this incident, and the injuries sustained by the Plaintiff.  These breaches proximately caused Plaintiff's damages including, but not limited to: medical expenses, pain and suffering, inconvenience, and other personal and pecuniary harms, for which Plaintiff sues.

12. Furthermore, Plaintiff contends that her injuries and damages were proximately caused by the Defendant's violation of a statutorily imposed duty existing pursuant to §49.04 of the Texas Penal Code. In support thereof, Plaintiff would respectfully show the Court: A) That Defendant committed unexcused breaches of the duties imposed upon her by §49.04 of the Texas Penal Code; B) That Plaintiff is a member of the class of persons these statutes were designed to protect; and, C) Defendant's violation of these statutes proximately caused Plaintiff's damages, which are hereinafter described with more particularity.

*Exhibit G*

13.     The above referenced sections of the Texas Transportation and Penal Codes were enacted by the Texas Legislature to protect the safety, health, and welfare of the public. Plaintiffs are a member of the public, and as a result, is to be protected by said statutes.

14.     Each of such acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence as a matter of law which proximately caused the accident and injuries and damages which Plaintiffs suffered.

15.     <u>Exemplary Damages</u>. Plaintiffs allege that she is entitled to recover exemplary damages against Defendant pursuant to Art. XVI, §26 of the Texas Constitution and §41.003 et. seq. of the Texas Civil Practice and Remedies Code. Based upon current information and belief, Plaintiff contends that, at the time of the acts and/or omissions of Defendant forming the underlying basis for these causes of action, the acts and/or omissions of Defendant were committed with malice and/or gross negligence, as hereinafter described. In support of malice and/or gross negligence as above alleged, Plaintiff will show unto the Court that the acts and/or omissions of the Defendant were such that, when viewed objectively from the Defendant's standpoint at the time of occurrence, involved an extreme degree of risk with conscious indifference to others, considering the probability and magnitude of the potential harm to others, and: A) With which Defendant proceeded despite her actual, subjective awareness of the risk; or B) With which Defendant proceeded when, under the surrounding circumstances, a reasonable person would have been aware of the risk.

16.     These actions of Defendant include, but are not limited to, driving while intoxicated and/or impaired.  Defendant's gross negligence, acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk involved in the

*Exhibit G*

above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiffs from Defendant.

17.     The Plaintiffs did not cause or contribute to the collision in question, but rather the negligence and negligence per se of the Defendant proximately caused the occurrence in question.

18.     By reason of the above and foregoing, the Plaintiffs have been damaged in a sum within the jurisdictional limits of this Court. The Plaintiffs also pray for their costs of Court and pre and post judgment interest as allowed by law.

## VII.
## PETITION FOR DECLARATORY RELIEF

19.     Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff Dora Delgado and Defendant **STATE FARM** at the time of the accident, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37. Plaintiff seeks a declaration construing the contract of insurance and declaring Plaintiff' rights and obligations under the contract. Specifically, Plaintiff seeks a finding that Michael Anthony Boyd was an underinsured motorist, that Plaintiff is entitled to recover from Defendant **STATE FARM** Plaintiff's damages resulting from the motor vehicle collision the subject of this suit, that Texas law applies, that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy with Defendant, and specifying the amount of damages, attorney's fees, interest, and court costs that Defendant is obligated to pay.

## VIII.
## UNINSURED/UNDERINSURED MOTORISTS

20.     Having determined that Michael Anthony Boyd was at the time of the occurrence described above, operating an uninsured and or underinsured motor vehicle as the term is defined

*Exhibit G*

in the policy of insurance, Plaintiff, timely and properly notified Defendant **STATE FARM** of the accident.   Plaintiff has fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit.   All conditions precedent have been performed or have occurred.   Nevertheless, Defendant **STATE FARM** has failed and refused, and still fails and refuses, to pay Plaintiff any benefits under this policy as it is contractually required to do so.

## X.
## INSURANCE CODE

21.     Plaintiff is also entitled to recover under the Texas Insurance Code, Chapter 541 Subtitle C Deceptive, Unfair and Prohibited Practice, and Subchapter B, Unfair Claim Settlement Practice, and Subchapter B, Prompt Payment of Claims for Defendant's failure to timely acknowledge, investigate and pay the benefits due timely and to fully comply with the statute.

22.     Defendant STATE FARM did not timely pay Personal Injury Protection benefits, due to the Plaintiff.   As such, Plaintiff seeks the remedies of the Insurance Code, Chapter 542.052, *et. Sec.*

## VII.
## DAMAGES

23.     The total amount claimed against Defendant(s) will not exceed $500,000.00 inclusive of attorneys' fees.   As a result of the occurrence in question, Plaintiffs sustained physical damages including but not limited to serious personal injuries, mental anguish, physical pain and suffering, impairment, disability in the past, loss of enjoyment of life and capacity to enjoy life and necessary and reasonable medical expenses.   It is believed that the Plaintiffs will also suffer legally recoverable damages in the future.   The Plaintiffs will respectfully request the Court and Jury to determine the amount of loss the Plaintiffs have incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.   There are certain elements of damages provided by law that the Plaintiffs are entitled to have the Jury in this case consider separately to determine the sum of money for each

element that will fairly and reasonably compensate the Plaintiffs for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

A.    The physical pain that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future;

B.    The mental anguish that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future;

C.    The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

D.    The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiffs from the date of the occurrence in question up to the time of trial and in the future;

E.    The physical impairment which the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future; and

F.    Exemplary damages

24.    The Plaintiffs have sustained various elements of damage, including those specified above, but not limited to those specified above, and the Plaintiffs herein reserves the right to plead more specifically and to show more specifically at trial all of those elements of damage.

## VIII.
## REQUEST FOR DISCLOSURE

25.    Pursuant to Rule 194, Defendant is requested to disclose, within 50 days of receipt of this request, the information or material described in Rule 194.2 (a) through (l).

*Exhibit G*

## IX.
## NOTICE THAT DOCUMENTS WILL BE USED

26.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the Plaintiffs hereby gives notice that all documents produced by the Defendant will be used at any pretrial proceeding or at the trial of this case.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant State Farm be duly cited to appear and answer herein; and that upon a final trial of this cause, Plaintiff recover:

    a.  Judgment against Defendant State Farm for Plaintiff's damages as set forth above, in an amount within the jurisdictional limits of this Court;

    b.  Interest on the judgment at the legal rate from the date of judgment;

    c.  Prejudgment interest on Plaintiffs' damages as allowed by law;

    d.  Costs of court; and

    e.  Such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**ESSMYER & DANIEL, P.C.**

    */s/ Frank B. Daniel*

**Frank B. Daniel**
State Bar No. 24048418
5111 Center Street
Houston, Texas 77007
Telephone 713-869-1155
Fax 713-352-3024
fdaniel@essmyerdaniel.com
**ATTORNEYS FOR PLAINTIFFS**

*Exhibit G*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this *Plaintiff's 1st Amended Original Petition* has been served upon all parties either with the service of process by their respective counsel by delivery by commercial carrier, hand delivery, U.S. First Class Mail, electronic transmission and/or facsimile transmission on the 2nd day of August, 2019.

**WHITE  - SHAVER**
**CLAY M. WHITE**
11200 Westheimer Road, Suite 200
Houston, Texas 77042
713-953-0860 Telephone
713-953-0917 Facsimile
cwhite@whiteshaverlaw.com
**ATTORNEY FOR DEFENDANT**

CHANCE MCMILLAN
OFFICE MANAGER
THE MCMILLAN LAW FIRM, PLLC
440 LOUISIANA STREET, SUITE 1200
HOUSTON, TEXAS 77002
TEL: (281) 888-2131
FAX: (832) 831-2175

/s/ Frank B. Daniel
Frank B. Daniel

*Exhibit G*

CAUSE NO.   201922116

RECEIPT NO.                           0.00
                    **********
                                        TR # 73654026

PLAINTIFF: DELGADO, DORA
                    vs.
DEFENDANT: BOYD, MICHAEL ANTHONY

In The   270th
Judicial District Court
of Harris County, Texas
270TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (INSURANCE COMPANY) BY
    SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
    211  E 7TH ST    STE 620    AUSTIN  TX  78701 - 3218

    Attached is a copy of PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION REQUEST FOR DISCLOSURE
& NOTICE THAT DOCUMENTS WILL BE USED

This instrument was filed on the 2nd day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 5th day of August, 2019, under my hand and
seal of said Court.

Issued at request of:
DANIEL, FRANKLIN BALDWIN
5111 CENTER STREET
HOUSTON, TX  77007
Tel: (713) 869-1155
Bar No.: 24048418

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: YARN, HILDA  M63//11292189

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at *1:00* o'clock *P*.M., on the *7* day of *August*, *2019*.

Executed at (address) *211 E. 7TH St. Ste 620 Austin, TX 78701-3218* in

*Travis* County at *8:05* o'clock *A*.M., on the *9* day of *August*,

*2019*, by delivering to *(Insurance Company) Registered Agent* defendant, in person, a
*State Farm mutual Automobile Insurance Company*
*Corporation Service Company* *by certified mail*
true copy of this Citation together with the accompanying   copy(ies) of the Petition
*Plaintiffs First Amended Original Petition Request for Disclosure Notice*
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this *16* day of *August*, *2019*.
*— that Documents will be used*

FEE: $ _____

_____

of _____ County, Texas

*Paul ML —PSC 6218 Exp.12.31.2020*
Affiant

By _____
   ~~Deputy~~

On this day, *Paul Nolan*, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this *16* day of *August*, *2019*.

_____
        Notary Public

JACKIE L. MOORE
My Notary ID # 125055438
Expires March 23, 2021

N.INT.CITR.P                          *73654026*

*Exhibit 5*

Unofficial Copy Office of Marilyn Burgess District Clerk

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Mutual Automobile Insurance Company
Registered Agent Corporation Service Company
211 E 7TH St. Ste C620
Austin, TX 78701-3218

9590 9402 5059 9092 6166 24

2. Article Number (Transfer from service label)

7018 2290 0000 5924 3291

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Kyle Ratzlaff

☐ Agent
☐ Addressee

B. Received by (Printed Name)  AUG 09 2019

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

08:05 AM

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

```
=================================
        JOHN DUNLOP
      8728 BEVERLYHILL ST
     HOUSTON, TX 77063-9998
          +80378-0062
         (800)275-8777
      08/07/2019 03:13 PM
=================================
---------------------------------
Product        Qty   Unit   Price
                     Price
---------------------------------
First-Class Mail®  1  $1.30  $1.30
Large Envelope
    (Domestic)
    (AUSTIN, TX  78701)
    (Weight:0 Lb 2.50 Oz)
    (Estimated Delivery Date)
    (Friday 08/09/2019)
Certified                    $3.50
    (USPS Certified Mail #)
    (70182290000059243291)
Return Receipt               $2.80
    (USPS Return Receipt #)
    (95909402505990926166624)
---------------------------------
Total:                       $7.60
---------------------------------
```

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee  $3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery $

Postage  $1.30

Total Postage and Fees  $7.60

Sent To State Farm Mutual Automobile Insurance Corp.
Street and Apt. No., or PO Box No. 211 E 7th St. Ste C620
City, State, ZIP+4 Austin, TX 78701-3218

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

*Exhibit G*

8/30/2019 2:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36438941
By: Anna Evetts
Filed: 8/30/2019 2:31 PM

## CAUSE NO. 2019-22116

| | | |
|---|---|---|
| DORA DELGADO, LUCILIA GONZALEZ, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF O.D. AND A.D., MINORS | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MICHAEL ANTHONY BOYD AND STATE | § | |
| FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | 270th JUDICIAL DISTRICT |

### <u>DEFENDANT'S ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, files this Answer to Plaintiffs' First Amended Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition, and demands strict proof thereof.

### II.

Defendant would show that Plaintiffs have failed to fulfill the conditions precedent for bringing an uninsured/underinsured motorist claim against Defendant.  Specifically, Plaintiffs have failed to establish that they are legally entitled to recover damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by them, caused by an accident.  *Part C of the State Farm Texas Personal Auto Policy.*

*Exhibit G*

**III.**

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury.  Such credits and offsets include, but are ***not limited to***, all PIP payments made by State Farm to Plaintiffs and an offset, if any, in an amount up to Michael Anthony Boyd's liability limits.

**IV.**

Defendant would show that Plaintiffs' "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

**V.**

Defendant asserts that Plaintiffs are not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiffs to recovery of underinsured motorist benefits.

**VI.**

Defendant asserts that Plaintiffs are not entitled to pre-judgment interest or any other damages beyond the policy limits of underinsured motorist coverage under the subject insurance contract.

**VIII.**

Plaintiffs' rights to recover medical expenses is limited by the provision of TEX. CIV. PRAC. & REM. CODE 41.0105.  Plaintiffs are only entitled to recover the amount paid or incurred by or on behalf of the Plaintiffs.

**IX.**

Defendant reserves the right to amend this Answer pursuant to the said Rules of Civil Procedure.

*Exhibit G*

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Defendant be released and discharged of the charges filed against it; that Plaintiff take nothing by reason of this suit; and for such other and further relief to which Defendant may be justly entitled and for which Defendant will forever pray.

Respectfully submitted,

**GERMER PLLC**

By: _____

**GREGORY M. HOWARD**
State Bar No. 24042989
ghoward@germer.com
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 30th day of August, 2019.

_____

**GREGORY M. HOWARD**

*Exhibit G*

# Envelope ID :36438941

# Case Number : 201922116

# Case Type

| | |
|---|---|
| **Jurisdiction :** Harris County - 270th Civil District Court | **Case Category :** Civil - Injury or Damage |
| **Case Type :** Motor Vehicle Accident | **Filer Type :** Attorney |
| **Payment Account:** File & ServeXpress CC | **Attorney :** Gregory Howard |
| **Case Number:** 201922116 | |
| **Client Matter ID:** 99477 | **Date Filed:** 8/30/2019 02:31:18 PM |

# Parties    8

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| ☑ | Defendant / Respondent | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY NA | |
| | Registered Agent | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (INSURANCE COMPANY) BY N A | |
| | Guardian Ad Litem | MCMILLAN CHANCE ALLEN | |
| | Plaintiff / Petitioner / Old Name | D A (MINOR) | |
| | Plaintiff / Petitioner / Old Name | D O (MINOR) | |
| | Plaintiff / Petitioner / Old Name | GONZALES LUCILA (I AND AN F OF D | 2609 LORRAINE ST.,, HOUSTON, TX 77026 , HOUSTON , Texas , 77 026 |
| | Defendant / Respondent | BOYD MICHAEL ANTHONY | 2609 LORRAINE ST, HOUSTON, T X 77026 , HOUSTON , Texas , 770 26 |
| | Plaintiff / Petitioner / Old Name | DELGADO DORA | |

## Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| **Submitted** cancel | Answer/Response / Waiver (Lead Document) **Note to Clerk:** | Defendant's Answer | DELGADO-Answer.pdf | | | | Answer to Original Petition | Defendant's Answer | $0.00 |

**Responsible for Filing Fees :** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY NA

**Send Accepted Notifications To:**

## Service Contact 6

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---|---|---|---|---|---|---|
| Yes | Carrie Camp | ccamp@whiteshaverlaw.com | Yes | | Sent | Unopened |
| Yes | Christine Hernandez | chernandez@germer.com | No | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY NA | Sent | Unopened |
| Yes | Clay M. White | cwhite@whiteshaverlaw.com | Yes | | Sent | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | No | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY NA | | Unopened |
| Yes | Franklin Baldwin Daniel | fdaniel@essmyerdaniel.com | Yes | GONZALES LUCILLA (I AND ANF OF D | Sent | Unopened |
| No | Gregory Howard | ghoward@germer.com | No | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY NA | | Unopened |

*Exhibit G*

## Fees Calculation

| Allowance Charge Reason | Amount |
|---|---|
| Case Initiation Fee($) | $0.00 |
| Filing Fee($) | $0.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $0.13 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |
| Total Court Service Fees($) | $2.00 |
| **Total Fees($)** | **$4.55** |

*Exhibit G*

## CAUSE NO. 2019-22116

| | | |
|---|---|---|
| DORA DELGADO, LUCILIA GONZALEZ, § | | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIEND § | | |
| OF O.D. AND A.D., MINORS § | | |
| § | | |
| VS. § | | HARRIS COUNTY, TEXAS |
| § | | |
| MICHAEL ANTHONY BOYD AND STATE § | | |
| FARM MUTUAL AUTOMOBILE § | | |
| INSURANCE COMPANY § | | 270th JUDICIAL DISTRICT |

## DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Defendant herein and demands a trial by jury.  The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: _____
    **GREGORY M. HOWARD**
    State Bar No. 24042989
    ghoward@germer.com
    2929 Allen Parkway, Suite 2900
    Houston, TX 77019
    (713) 650-1313 – Telephone
    (713) 739-7420 – Facsimile

**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

*Exhibit G*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 6th day of September, 2019.

_____

**GREGORY M. HOWARD**

*Exhibit G*

**HCDistrictclerk.com**        DELGADO, DORA vs. BOYD, MICHAEL ANTHONY        9/6/2019
                               Cause: 201922116        CDI: 7        Court: 270

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SUMMARY

### CASE DETAILS

| | | | |
|---|---|---|---|
| **File Date** | 3/26/2019 | | |
| **Case (Cause) Location** | Civil Intake 1st Floor | | |
| **Case (Cause) Status** | Ready Docket | | |
| **Case (Cause) Type** | Motor Vehicle Accident | | |
| **Next/Last Setting Date** | 5/18/2020 | | |
| **Jury Fee Paid Date** | N/A | | |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 270th |
| **Address** | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686400 |
| **JudgeName** | DEDRA DAVIS |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| DELGADO, DORA | PLAINTIFF - CIVIL | | DANIEL, FRANK B |
| BOYD, MICHAEL ANTHONY | DEFENDANT - CIVIL | | WHITE, CLAY M. |
| GONZALES, LUCILA (I AND ANF OF D, O AND D, A) (MINORS) | PLAINTIFF - CIVIL | | DANIEL, FRANK B |
| D, O (MINOR) | PLAINTIFF - CIVIL | | DANIEL, FRANK B |
| D, A (MINOR) | PLAINTIFF - CIVIL | | DANIEL, FRANK B |
| MCMILLAN, CHANCE ALLEN | GUARDIAN AD LITEM | | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (INSURANCE COMPANY) BY | REGISTERED AGENT | | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | DEFENDANT - CIVIL | | |

## INACTIVE PARTIES

*Exhibit G*

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 8/2/2019 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | DANIEL, FRANKLIN BALDWIN | GONZALES, LUCILA (I AND ANF OF D, O AND D, A) (MINORS) |
| 8/2/2019 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | DANIEL, FRANKLIN BALDWIN | D, A (MINOR) |
| 8/2/2019 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | DANIEL, FRANKLIN BALDWIN | D, O (MINOR) |
| 8/2/2019 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | DANIEL, FRANKLIN BALDWIN | DELGADO, DORA |
| 6/4/2019 | ORDER TO APPOINT GUARDIAN AD LITEM GRANTED | 6/4/2019 | | 1 | | | |
| 6/3/2019 | DESIGNATED TRIAL READY | | | 0 | | | |
| 5/31/2019 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 5/31/2019 | | 4 | | | |
| 5/15/2019 | ANSWER ORIGINAL PETITION | | | 0 | | WHITE, CLAY M. | BOYD, MICHAEL ANTHONY |
| 3/26/2019 | ORIGINAL PETITION | | | 0 | | DANIEL, FRANKLIN BALDWIN | D, A (MINOR) |
| 3/26/2019 | ORIGINAL PETITION | | | 0 | | DANIEL, FRANKLIN BALDWIN | DELGADO, DORA |
| 3/26/2019 | ORIGINAL PETITION | | | 0 | | DANIEL, FRANKLIN BALDWIN | D, O (MINOR) |
| 3/26/2019 | ORIGINAL PETITION | | | 0 | | DANIEL, FRANKLIN BALDWIN | GONZALES, LUCILA (I AND ANF OF D, O AND D, A) (MINORS) |
| | SENSITIVE DATA DOCUMENT | 6/4/2019 | | 1 | | | |

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|------|-------|-----------|-------------|--------|---------|----------|------------------|
| 5/18/2020 12:00 AM | 270 | | Trial Setting | Trial on Merits | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|-----------|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | BOYD, MICHAEL ANTHONY | 3/26/2019 | 3/28/2019 | | | | 73608263 | ATTORNEY PICK-UP |
| CITATION | SERVICE RETURN/EXECUTED | AMENDED ORIGINAL PETITION | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (INSURANCE COMPANY) BY | 8/2/2019 | | 8/5/2019 | 8/9/2019 | | 73654026 | CIV AGCY-CIVILIAN SERVICE AGENCY |

211 E 7TH ST STE 620 AUSTIN TX 78701

## Notices

*Exhibit G*

| Notice Date | Activity Date | Description | Connection To Case | Name | Address | Phone |
|---|---|---|---|---|---|---|
| 6/4/2019 | 5/31/2019 | | 0 | DANIEL, FRANKLIN BALDWIN | 5111 CENTER STR, HOUSTON, TX 77007 | 713-869-1155 |
| 6/4/2019 | 5/31/2019 | | 0 | WHITE, CLAY M. | 11200 WESTHEIMER, HOUSTON, TX 77042 | 713-953-0860 |
| 6/6/2019 | 6/4/2019 | | 0 | MCMILLAN, CHANCE ALLEN | 440 LOUISIANA, HOUSTON, TX 77002 | 281-888-2131 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 86706867 | Citation | | 08/19/2019 | 2 |
| 86550556 | Civil Process Pick-Up Form | | 08/05/2019 | 1 |
| 86467458 | Plaintiffs First Amended Petition | | 08/02/2019 | 10 |
| | Plaintiffs First Amended Petition | | 08/02/2019 | |
| restricted | SENSITIVE DATA DOCUMENT | | 06/04/2019 | 1 |
| | ORDER TO APPOINT GUARDIAN AD LITEM GRANTED | | 06/04/2019 | |
| restricted | Defendant's Motion to Appoint Guardian Ad Litem | | 06/03/2019 | 2 |
| restricted | Proposed Order Appointint Guardian Ad Litem | | 06/03/2019 | 1 |
| 85528444 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | | 05/31/2019 | 4 |
| 85270293 | Defemdamt's Original Answer to Plaintiff's Original Petition | | 05/15/2019 | 2 |
| 84598930 | Civil Process Pick-Up Form | | 03/28/2019 | 1 |
| restricted | Plaintiff's Original Petition Request for Disclosure & Notice that Documents will be Used | | 03/26/2019 | 7 |
| | Plaintiff's Original Petition Request for Disclosure & Notice that Documents will be Used | | 03/26/2019 | |